4 U.S. 436 (____)
4 Dall. 436
Bender
versus
Fromberger.
Supreme Court of United States.

*438 The Chief justice, after stating the pleadings, and the reasons assigned in arrest of judgment, delivered the opinion of the court, in the following terms:
TILGHMAN, Chief Justice.
As to the first point, although it was opened by the defendant's counsel, yet, I think, in the course of the argument, it was nearly abandoned. It certainly has not been supported; for many cases have been produced, proving that it is sufficient to assign the breach in terms as general as those in which the covenant is expressed;[(2)] and more than one *439 of those cases, were upon the very same kind of covenants as the one now in question.
The second point, amounts, in substance, to this, that the issues were altogether immaterial.
It is an undoubted principle, that verdicts, after a trial of the merits of a cause, are, if possible, to be supported. For this reason, many things are good after verdict, which would be bad, on demurrer. Many things, not alleged in the pleadings, may be presumed to have been proved on the trial; because, unless they had been proved, the jury could not, properly, have given a verdict in the manner they did. One of the authorities[(3)] cited by the plaintiff's counsel, went to the point; that, upon a breach assigned, that the defendant was not seised of a good estate in fee, &c. to which the defendant pleaded non infregit conventionem, and thereupon issue was joined, the issue, though informal, was sufficient for the Court to enter judgment on. Now, this is the very same issue as one of those joined in this cause.
But let us consider the other issue, joined on the plea of performance, with leave, &c. This kind of plea is peculiar to Pennsylvania, and is unknown in England. It was invented to save the trouble of special pleading, and has been sanctioned by too long a practice, to be now shaken. In fact, it gives the defendant every advantage which he could derive from special pleading, and saves all the labour and danger: for, upon notice to the plaintiff, without form, he may give any thing in evidence which he might have pleaded. A great number of issues, in actions of covenant, have been joined precisely as this is; and if this judgment may be arrested, on account of the immateriality of the issue, all judgments founded on similar issues, are liable to be reversed, on writs of error. In considering the present motion, the Court know nothing but what appears on the record. Now, how can they say, that an issue is immaterial, in which the defendant might, for aught that appears, have given evidence of all those special matters, on which the merits of his defence rested.
The defendant has contended, that it ought to have appeared, either in the plea, or the replication, that the plaintiff had been evicted. But, it is to be observed, that if the cases cited by him, are examined, they will be found to be most, if not all, of them, on covenants for quiet enjoyment, where the covenant was not broken without an eviction by better title. But a covenant, that one is seised of an indefeasible estate in fee, may be broken without an eviction; and, in such case, the jury will give such damages as they think proper. Upon the whole, I am clearly of opinion, that this issue is not immaterial.
I will now consider the defendant's third point, which is, that it appears, by the record, that the plaintiff has no cause of action. *440 The defendant's argument is founded on this  that the plaintiff, by making a profert of the deed, has brought its whole contents before the Court; that part of its contents, is a clause of special warranty, by which they say, the general covenant on which the plaintiff has declared, is qualified and restrained; and, of course, that the plaintiff has no cause of action, because the defendant only warranted against himself, and those who should claim under him. To this it has been answered, by the plaintiff's counsel, and, I think, truly, that, oyer not having been prayed, no part of the deed appears to the Court, but that which the plaintiff has declared on; and, consequently, the Court can take no notice of the special warranty. But I think it best to deliver my opinion on the effect of the special warranty, that the defendant may not be disquieted, by supposing that he had a good defence, which he has lost the advantage of by a slip of his counsel. I subscribe to the principle laid down by Lord Eldon, in the case of Browning v. Wright,[(4)] cited on the part of the defendant, that where it manifestly appears, from a consideration of every part of the deed, that no more than a special warranty was intended, it shall be so construed, although the deed, in one part, contains words of covenant of more general import. To this rule, I add the two following ones: That, in construing a deed, no part shall be rejected, unless it produces contradiction or absurdity; and that, in doubtful cases, a deed is to be construed in favour of the grantee. The deed in question contains a conveyance by the words grant, bargain, and sell; a covenant that the grantor is seised of a good estate in fee simple, subject to no incumbrances, but a certain ground rent; and a covenant of special warranty.
It has been the prevailing opinion, that by virtue of an act of assembly, passed in the year 1715,[(5)] the words "grant, bargain "and sell," have the force of a general warranty, unless restrained by subsequent expressions. To qualify the general warranty, it has been the custom of scriveners to insert a clause of special warranty. And, I believe, it is inserted pretty much as a matter of course, unless in cases where the parties agree on a general warranty. I believe, too, that, in Pennsylvania, the greater part of conveyances have, as Mr. Ingersoll has stated, been made with special warranty. Still it remains to be considered, what was the intent of the grantor in the present instance? The defendant contends that his intent was, to give no more than a special warranty, because the clause of special warranty is inconsistent with, and contradictory to, a general warranty. Now, in this, I cannot agree with him. It is certain that the special warranty, and more, is included in the general one. It is an inaccurate mode of conveyancing; but there is no absurdity or contradiction, in making one covenant against yourself and your heirs, and another against all *441 mankind. The special warranty was unnecessary, and is to be attributed to the ignorance of the scrivener, who, probably, thought it was a matter of course, without intending to affect the more general preceding covenant; or, perhaps, he might think it necessary to guard against the effect of the words "grant, bargain, and "sell," used in the first part of the deed; because the estate was subject to a ground rent, as appears from the general covenant, in which it is said that the estate is free from all incumbrances, except the said ground rent. It has been urged, that it is all one covenant, because the special warranty is connected with the preceding general covenant, by the words and that. It is very common, to connect a covenant of warranty, and a covenant for further assurance, by these expressions. But what I rely on, is the intent of the parties, manifested in the deed considered altogether. I do not conceive it is possible for a man of common sense to declare, that he engages that he had a perfect estate in fee simple, and had a good right to convey such perfect estate, without intending to warrant to a greater extent, than against himself and his heirs. There are no technical expressions, but such as every man understands, which is not the case with a special warranty. To a common man it is not very intelligible, that there should ever be occasion to warrant and defend against himself, and all persons claiming under him; for, it is very natural to suppose, that when a man has used words sufficient to convey his estate to a third person, he has necessarily done enough to bar himself and all persons claiming under him, without calling in the aid of a special warranty. In short, the insertion of the clause of special warranty, is generally the act of scriveners; but I presume, that no scrivener could be so stupid as to insert a covenant, that "the grantor was seised of an indefeasible estate in fee," unless he had been told by the parties, that a general warranty was intended. I am, therefore, of opinion, that the special warranty in this deed, has not the effect of controling the precedent general covenant, and that judgment should be entered for the plaintiff.
It is proper to add, that after the conclusion of the argument last night, I consulted with my brother Yeates, who concurs with my opinion, both with respect to the pleadings and the construction of the deed.
NOTES
[(2)] 5 Bar.
[(3)] 5 Bac. Pleas, title, Immaterial and Informal Issues, p. 59, 60
[(4)] 2 Bos. & Pull. 14.
[(5)] 1 St. Lawe, 109. s. 6.