It would seem that we could not with propriety depart from the practice in the State without further argument.
The Court left the decision to the jury without any particular directions. The jury found a verdict for the plaintiff, and GRUNDY, for the defendant, moved for a new trial upon the ground of excessive damages.
Sed per Curiam. The damages are not *Page 274 
excessive, nor more, it is believed, than the value of the land estimated at the time of the covenant broken, or date of the deed and interest. (Ex relatione, Mr. Grundy.)
ORIGINAL NOTE. — The practice of the State as referred to in this case, is certainly repugnant to the authorities. Vide Act 1786, c. 4, § 5, Ird. 577; Cro. Car. 455, Humphreys v. Knight; 1 Ver. 217, Speake v. Speake; 12 Mod. 526, Berty v. Dormer, per Holt, C.J.; 3 Caines, 111, Staats v. The Executors of Ten Eyck; Bender v. Fromberger's Executors, Supreme Court of Pennsylvania, January, 1807, 4 Dall. 436; Hen. Mun. 202, Lowther v. The Commonwealth; 1 Reeve's English Law, 444-448; 2 Bl. 1078, Flureaw v. Thornhill; Kaim's Pr. Eq. 206-225; 21 Vin. tit. Value; Cox v. Strode, Court of Appeals, Kentucky, Fall term, 1810.