## P. D. HARLEY FOR USE v. LEBANON M. INS. CO.

ERROR TO THE COURT OF COMMON PLEAS OF WYOMING COUNTY.

Argued February 20, 1888—Decided April 30, 1888.

In an action of debt upon a policy of fire insurance, brought by the insured for the use of an assignee, the declaration averred substantially that the defendant insured the property of a firm composed of D. J. and P. D., in the firm name of P. D., by a covenant with the assured, "their and his executors, administrators and assigns;" an assignment by P. D. of his interest in the property and policy to his partner D. J.; a subsequent renewal of the policy with D. J. and a waiver thereby of a provision for the assent of the defendant to the transfer. Profert of the policy was made, but oyer was not craved: *Held*,

1. That, oyer not having been craved, no part of the policy appeared to the court but that upon which the plaintiff had declared.
2. That the declaration exhibited a good cause of action, quite sufficient to sustain a verdict rendered in favor of the plaintiff.

Before GORDON, C. J., PAXSON, STERRETT and GREEN, JJ.; TRUNKEY, CLARK and WILLIAMS, JJ., absent.

No. 1 July Term 1887, Sup. Ct.; court below, No. 47 January Term 1886, C. P.

In an action of debt, the parties to which were " P. D. Harley, to use of D. J. & P. D. Harley, partners, now to use of and assigned to D. J. Harley," against the Lebanon Mutual Insurance Company, the parts of the narr. material to this cause were as follows :

For that whereas the said defendant, heretofore, to wit, on the 7th day of January, 1880, at Jonestown in the county of Lebanon, Pa., to wit, at Wyoming county, aforesaid, by a certain policy of insurance and instrument in writing, then and there made, and signed by the president and secretary of the said company and under the corporate seal of said company (which said policy so signed and sealed the said plaintiff here brings into this court) upon a valuable consideration therein expressed and receipted for, did undertake to insure, and did insure, for the term of three years, the firm or partnership of P. D. Harley, which was then and there composed and consisted of Dennis J. Harley and Patrick D. Harley, from loss or damage by fire " on his stock of leather finished and unfinished and green hides in a wooden frame building owned by P. D. & D. J. Harley, $500," subject nevertheless to certain terms and conditions of insurance and warranties on the part of the said assured, and fully set forth in the said policy of insurance.

And whereas afterwards, to wit, on the 13th January, 1883, by means of a certain renewal certificate and instrument in writing, duly executed and sealed by said company (which said renewal certificate the said plaintiff likewise brings into court) and upon a like valuable consideration therein expressed and receipted for, the said defendant did undertake to and did extend the said policy of insurance and the said insurance for the further term of three years, and did thereby continue the said policy of insurance in full force until the 7th day of January, 1886, subject as aforesaid. And whereas at the time of the issuing of the said policy of insurance, and of the said renewal certificate, the said D. J. Harley was a co-partner of and with the said P. D. Harley and jointly interested with him in the said insured property, and that the consideration paid for the said policy of insurance and for the said renewal certificate, was the money of the said copartnership.

And whereas afterwards, to wit, on the 18th day of Septem-

ber, 1884, the said P. D. Harley did assign and set over unto the said D. J. Harley all of his right and interest of, in and to the said assured property, and all of his right, title and interest in the said copartnership, and in the wooden frame building owned by P. D. & D. J. Harley, and also his title and interest in the said policy of insurance, and all advantages to be derived therefrom. And also his right, title and interest in a certain other policy of insurance issued by the said defendant to the said D. J. & P. D. Harley on 1st of April, 1879, and then and there in full force ; which said last mentioned policy was upon and covered, inter alia, the said wooden frame building, and also upon the same property, to wit, the stock of leather, finished and unfinished, and hides therein, as was the said first mentioned policy of insurance.

And whereas the two policies of insurance were concurrent upon the said stock of leather, finished and unfinished, and green hides.

And whereas afterwards, to wit, on the 31st of March, 1885, the said second mentioned policy of insurance, then and there being about to expire, upon the application and request of the said D. J. Harley and upon information by him given to the said defendant that he had become the sole and exclusive owner of said insured property, and that the said P. D. Harley had assigned his interest therein to him, the said D. J. Harley, the said defendant did renew and continue the said second mentioned policy in the name of and to the use of the said D. J. Harley until the 1st day of April, 1890 ; and the said defendant did not then nor did it at any time thereafter, until after the said insured property was lost and injured by the hereinafter mentioned fire, make objection to said transfer and assignment, nor cancel said first mentioned policy, but on the contrary treated and held out the same to be a valid and subsisting policy of insurance.

Whereby and by reason of the premises the said plaintiff does aver that the said defendant had notice of the said assignment of said policy, and did waive the requirement of clause six of the conditions of insurance contained in said policy, to the effect that any assignment thereof should be approved by the president or secretary of said company ; and that further did thereby estop itself from availing itself of any

supposed breach of said condition as a defence in this action. And further the said plaintiff doth allege that by reason of the premises he was not required to have the said assignment of said policy approved by the said officers of said company in order to entitle him to have and maintain his action for a loss thereunder.

And whereas it was made known by means of said policy, and the said renewal and extension thereof, that from 12 o'clock noon on the day of the date thereof until 12 o'clock noon on the 7th January, 1886, the said company should be liable to pay or make good to the said assured, their and his executors, administrators and assigns all such loss or damage not exceeding the insurance, as should happen by fire to the property as above specified. And the said plaintiff avers that from the said 18th day of September, 1884, up to and including the day when the same was lost, injured and destroyed by fire, as hereinafter set forth, he was the sole and exclusive owner of the insured property, and interested therein as such, to the full amount of the said insurance thereon, to wit, at Wyoming county aforesaid; and the said plaintiff further avers that heretofore, to wit, on the 14th June, 1885, to wit, at Wyoming county aforesaid, a fire occurred, which did not happen to take place by means of an invasion, riot or civil commotion, or of any military or usurped power, or by any earthquake or hurricane, by means of which said fire the said stock of leather, finished and unfinished, and green hides were consumed, destroyed, injured, burned and depreciated in value; whereby and by reason whereof great loss and damage accrued to the said plaintiff, to wit, to the amount of $3,000. And the said plaintiff avers that the requirements in said policy as to giving notice of loss, and making and delivering proofs of loss under oath, and all other conditions precedent in said policy contained, have been heretofore waived and suspended by the said defendant, and by its duly authorized agents.

And the said plaintiff avers that he has fully complied with all of the requirements in said policy contained, conditions precedent to his right of action on said policy, and has furnished to the said defendant such notices and proofs of loss as he was required to furnish by said policy, or by the said defendant. And he further avers that he has been guilty of no breaches

of any of the warranties in said policy contained, and that the said policy at the time of said loss was and remained in full force, to wit, at Wyoming county aforesaid. Whereby and by reason of the premises he saith that a right of action accrued to him to have, demand and receive from the said defendant the sum, to wit, $500, and the interest thereon, and although often requested so to do the said defendant hath not paid the same, nor any part thereof; and therefore this suit.

The pleas were nil debet, payment, payment with leave, etc.

At the trial on January 13, 1887, before SITTSER, P. J., the jury rendered a verdict in favor of the plaintiff for $537.50. On January 17th, the defendant moved the court for a new trial and to arrest the judgment for the reasons:

1. That upon the whole record the plaintiff is not entitled to recover judgment in this case.

2. That the averments in plaintiff's declaration are not sufficient upon which a waiver of the sixth condition of the policy in suit could be founded.

3. That the plaintiff's narr. and proofs adduced thereunder are not sufficient to show title of property in plaintiff, and right to recover at the time of the alleged loss, or at time of commencement of suit.

On March 21, 1887, said motion was disposed of by the following opinion and decree, SITTSER, P. J:

We will first dispose of the motion in arrest of judgment.

On the trial of the cause we submitted to the jury the issue which had been made by the pleadings. This was determined for the plaintiff. It remains to be considered whether a verdict for the plaintiff upon the issue tried will entitle the plaintiff to judgment.

The declaration avers that the defendant on the 7th of January, 1880, insured certain goods of D. J. & P. D. Harley, in the partnership name of P. D. Harley, for three years. On the 13th of January, 1883, the policy was renewed for three years. On the 18th day of September, 1884, P. D. Harley assigned all his interest in the property and the policy of insurance to D. J. Harley. The loss by fire occurred on the 14th of June, 1885. It is averred, substantially, that the defendants insured the property of a firm in the firm name. That afterwards one of

the two partners assigned all his interest to the other along with the policy and then the loss occurred. The loss was D. J. Harley's. If he had a contract of indemnity with the company he can recover, otherwise not.

Is a contract of that character averred in the narr., and have the jury in their verdict found that such a contract existed?

A recovery cannot be had in the name of the firm. It must be in the name of **D. J.** Harley. Where the policy only is assigned, and the property remains in the person to whom the policy is issued, an action may be brought in the name of the insured to the use of the assignee. In the absence of prohibitory provisions upon the subject, the insurer can have no objections to the use party. If the insured has a legal claim it is of no consequence to the insurer that the legal plaintiff has directed that the sum due when so recovered should be paid to another. But when the property insured has been assigned no action can be maintained in the name of the assignor. He has sustained no loss. The loss is that of the purchaser and owner of the property, and to enable him to recover he must aver and prove a contract to that effect with the defendant. If authority be needed for so plain a proposition it will be found in Wood on Insurance, 572–3–4. The defect in bringing the action in the firm name to the use of **D. J.** Harley can be cured by amendment. But the want of an averment of contract between **D. J.** Harley and the defendant cannot be now supplied in that manner. We have examined the narr. carefully and do not find a contract of indemnity by the defendant to **D. J.** Harley averred or any facts set forth which would justify such an averment. Where the property and the policy have both been assigned the company may accept the assignee in the place of the assignor, but to do so requires action of some sort upon their part. We can find nothing in the narr., whether taken separately or altogether, which amounts to a recognition of liability to **D. J.** Harley upon the policy in suit.

The rule for a new trial is discharged and the motion in arrest of judgment is sustained.

The plaintiff thereupon took this writ, assigning said ruling and order as error.

*Mr. James W. Piatt* and *Mr. W. E. Little* (with them *Mr. Charles E. Terry*), for the plaintiff in error:

1. Does the narr. set forth a contract with the assignee? "Oyer not having been prayed, no part of the deed appears to the court but that which the plaintiff has declared on:" Bender v. Fromberger, 4 Dall. 436. The contract stated in the narr. is with the assured, "their or his executors, administrators or assigns," and it is averred that during the time thereof D. J. Harley became the assignee of both property and policy. The word "assigns" is part of the policy. Insurance policies are assignable as are other choses in action: Gourdon v. Insurance Co., 3 Y. 327; Mut. F. Ins. Co. v. Roberts, 31 Pa. 438; Buckley v. Garrett, 47 Pa. 204.

2. There is, however, a condition in the policy as stated in our narr., to the effect that any assignment should be approved by the president or secretary of said company. But the narr. alleges a waiver of this condition and the verdict says we have proven the waiver. If it be said that a waiver does not make a contract, and that the approval of the assignment is in effect the making of a new contract with the assignee, the reply is that "the assent of the underwriters is not therefore operative to produce a new contract or vary the terms of the policy, but only to preserve the policy from forfeiture by the instrumentality of the required assent:" Buckley v. Garrett, 47 Pa. 204.

3. At all events, the defendant, having seen fit to plead the general issue, and thus put the plaintiff on proof of all the averments of the declaration, should not be allowed, after he is defeated in the issue he voluntarily chose to try, to reverse the order of pleading and by a motion in arrest of judgment to have all the advantages of a demurrer: Haldeman v. Martin, 10 Pa. 369; Schlosser v. Brown, 17 S. & R. 250; State Ins. Co. v. Todd, 83 Pa. 272; Barker v. McCreary, 66 Pa. 162; Chaffee v. Sangston, 10 W. 265; Township v. Comrey, 100 Pa. 363; Quick v. Miller, 103, Pa. 67; Weinberger v. Shelly, 6 W. & S. 336; Insurance Co. v. Seitz, 4 W. & S. 273.

4. There remains this question: How did D. J. Harley lose his interest by accepting the assignment of his copartner's share? This was overlooked by the court below. Perhaps the defendant will answer it.

*Mr. Henry Harding* (with him *Mr. E. J. Jorden* and *Mr. Henry W. Palmer*), for the defendant in error:

1. We answer the plaintiff's question in the language of this court, in a case where the insurance was effected by partners: "It is not to be doubted that a transfer by a tenant in common to his co-tenant, or from one partner to another, is within the prohibition of a policy which declares that alienation by sale or otherwise shall forfeit the policy:" Finley v. Insurance Co., 30 Pa. 313; Buckley v. Garrett, 47 Pa. 209; Flanders on Fire Ins., 475; Wood on Fire Ins., 698. In this view, the right of D. J. Harley to recover is to be considered as if previous to the transfer he had been a stranger, instead of a copartner.

2. The liability of the company ceased on September 18, 1884, when D. J. Harley became the assignee, and nothing whatever was done until March 31, 1885, when the company renewed the policy in the name of the purchaser. Liability would not re-attach by waiver without some act or notice on the part of the insurer, or without a new consideration to sustain it; so that to sustain judgment on this record, the narr. should aver that a new contract was raised between the insurer and the vendee: Imp. F. Ins. Co. v. Dunham, 117 Pa. 460.

3. No proof at the trial can make good a declaration which contains no ground of action on the face of it: Barriere v. Nairac, 2 Dall. 249; Haldeman v. Martin, 10 Pa. 365; Whitall v. Morse, 5 S. & R. 358. A verdict may cure a defect in the manner of stating a cause of action, but it helps not the want of it; Irvine v. Bull, 4 W. 289.

OPINION, MR. JUSTICE STERRETT:

All questions of fact properly presented by the pleadings and evidence were definitively settled by the verdict in favor of plaintiff, and he is entitled to judgment thereon for the amount found by the jury, unless the declaration is radically defective, not in form but in substance. Merely formal defects amendable in the court below, may be treated as amended here. Judgment was arrested on the sole ground that the declaration is insufficient to support the verdict, and that action of the court below is the subject of complaint in the several specifications of error.

As correctly stated by the learned president of the Common Pleas, it is substantially averred in the declaration that de-

fendant company insured the property of the firm composed of D. J. and P. D. Harley, in the firm-name of "P. D. Harley;" that afterwards P. D. Harley, one of the firm, assigned all his interest therein, together with the policy of insurance, to his copartner, D. J. Harley, and thereafter the loss by fire occurred. That loss was D. J. Harley's, and, if it is substantially averred that he, as such assignee, had a contract of indemnity with the company defendant, the declaration is sufficient. Profert of the policy was made, but oyer was not craved. We must therefore look to the narr. for the terms of the contract: Steph. Pleading, 68–9; Bender v. Fromberger, 4 Dall. 436, 440 ; in which it was held that, "oyer not having been prayed, no part of the deed appears to the court, but that which the plaintiff has declared on."

In this case the contract as set forth in the declaration is in substance that upon a "valuable consideration," the defendant "company should be liable to pay or make good to the said assured, their and his executors, administrators and assigns, all such loss or damage, not exceeding the insurance, as should happen by fire to the property as above specified." This is preceded by the averment of assignment, September 18, 1884, by P. D. Harley to D. J. Harley of "all his right and interest of, in and to the said assured property . . . . . and also all his title and interest in said policy of insurance, and all advantages to be derived therefrom," and followed by the further averment "that from the said 18th day of September, 1884, up to and including the day the same was lost, injured, and destroyed by fire . . . . . he was the sole and exclusive owner of the insured property," etc.

The contract thus averred in the narr.—and under the pleadings we have no right to go outside of it—is substantially a contract of indemnity with the assignee, and, in the absence of any qualifying provision, must be so held. It follows therefore that the declaration exhibits a good cause of action, quite sufficient to sustain the verdict and justify the defendant company in paying the amount thereof.

> Judgment reversed; and judgment is now entered against defendant on the verdict for five hundred and thirty-seven dollars and fifty cents, with interest, from January 15, 1887, the date of said verdict.