STATE OF SOUTH CAROLINA v. SEABROOK.

1. AN EXCEPTION which complains of error in overruling exceptions to the master's report without specification of such exceptions, does not conform to the requirements of Rule V. of this court, and, therefore, will not be considered.

2. APPEALS.—An exception to a ruling overruling an oral demurrer, taken on appeal from the final judgment, considered, notwithstanding an appeal noticed at the time of the ruling was afterwards abandoned.

3. COMPLAINT—BREACH OF BOND.—A complaint on a bond states a cause of action where it alleges a failure on the part of defendants to do that which the condition of their bond required of them, to wit, to make return of phosphate rock sent to market and to pay the royalty thereon.

4. PHOSPHATE LICENSE—ESTOPPEL BY RECITALS.—The makers of a bond to the State to pay the royalty due by the principal obligor under a license to him to dig and remove phosphate rock from a navigable stream of the State, cannot dispute the existence or validity of the license where it is recited in the bond, and has been acted on.

5. IBID.—RETURN—EVIDENCE.—The return of a licensee to the Comptroller General of the quantity in tons of phosphate rock shipped by him during a stated month is sufficient evidence to charge him and his sureties. The failure to state in his return the amount due is immaterial, where the statute fixes the amount of royalty per ton shipped.

6. IBID.—IBID.—The licensee can claim no advantage from a confusion of figures in the return made by him as required by law, where there is enough in the return to show the quantity of phosphate rock upon which

he is chargeable with royalty, to wit: the number of tons shipped to market during the month.

7. A GENERAL EXCEPTION not considered.

Before WITHERSPOON, J., Beaufort, February, 1892.

Action by the State of South Carolina against Joseph W. Seabrook, N. Christensen, and William H. Leod. For former appeal in this case, see 31 S. C., 605.

*Mr. W. J. Verdier*, for appellants.

*Messrs. Bellinger*, solicitor, and *W. H. Townsend*, contra.

July 27, 1894. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. The object of this action is to recover damages for the breach of the condition of a bond given by the defendants to the plaintiff, a copy of which was filed with the complaint as an exhibit thereto, and is set out in the "Case." The bond bears date the 1st of May, 1885, and after reciting that a license has been issued to the defendant Seabrook, granting a general right to dig and mine phosphate rock and phosphatic deposits agreeably to an act of the General Assembly, entitled "An act to establish a system of general rights to dig and mine phosphate rock and phosphatic deposits in the navigable streams and waters of the State, and to provide a mode of ascertaining and of protecting the interests of the State therein," approved 24th of December, 1878, binds the said Seabrook to make true returns to the comptroller general of the number of tons of phosphate rock "dug, mined, and removed, and shipped or otherwise sent to market," by said Seabrook, at the end of every month, and also to pay to the state treasurer, at the end of every quarter or three months (the quarters beginning to run on the 1st of January in each year), the royalty provided by law to be paid thereon, to wit: one dollar upon each and every ton which has not been steamed or kiln-dried."

The breach alleged in the complaint of the condition of this bond is that the said Seabrook did not pay to the plaintiff the

royalty due on five hundred and twenty-two 413–2240 tons of phosphate rock, alleged to have been dug, mined, removed, and shipped to market by said Seabrook during the month of October, 1885, "as will appear by reference to the return of the said Joseph W. Seabrook, made to the comptroller general, a copy of which is hereto annexed, marked B, as part of the complaint." This return, precisely as set out in the "Case," should be incorporated in the report of this case. The only defence set up by the answer was a general denial. By consent, the issues in the action were referred to the master for trial; and at the first reference, after the execution of the bond had been proved by one of the subscribing witnesses, counsel for defendants interposed an oral demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The master overruled the demurrer, and defendants gave notice of appeal from that ruling. "After discussion, the reference was adjourned to await result of the appeal. Mr. Verdier (counsel for defendants), abandoning his appeal to the Supreme Court," the reference was subsequently resumed, when the testimony set out in the "Case" on behalf of the plaintiff was taken, and the defendants offering no testimony, the reference was closed.

The master subsequently made his report, in which he found as matter of fact, that the bond set out in the complaint was duly executed by the defendants; that the said Seabrook, under the license recited in the bond, did dig, mine, remove. and ship to market five hundred and twenty-two 413–2240 tons of phosphate rock and deposits, taken during the month of October, 1885, from the navigable waters of the State; that said Seabrook has not paid the royalty due thereon; and that said royalty amounts to $522.19, no part of which has been paid. And he found as matter of law that the plaintiff was entitled to judgment against defendants for the said sum of $522.19, with interest thereon from the 1st day of January, 1886, and for the costs of this action. To this report the exceptions set out in the "Case" were filed by the defendants; and upon this report and exceptions, the case came before his honor, Judge Witherspoon, for hearing, who, without going

## EXHIBIT B.

### STATE OF SOUTH CAROLINA.

Return of Phosphate Rock Mined or Removed from the Beds of Navigable Streams within the Jurisdiction of the State of South Carolina, during the Month of October, 1885, by Joseph W. Seabrook.

| | Number of Tons. | Date. | Number of Tons. | By What Conveyance. | Captain of Vessel. | Consignee or Purchaser. | Destination. | Royalty Due State on Months Work. |
|---|---|---|---|---|---|---|---|---|
| On hand on the first day of month—Est. | 510 | | | Schooner A. D. Samson. | C. Smith. | Zell Guano Company of Baltimore, Md. | Baltimore, Md. | |
| Mined during the month. | 15 | 10th Oct. | 513 | | | | | |
| On hand the last day of the month. | 413 / 522 / 2240 | | 522 / 2240 | | | | | |
| Note—Actual weight of rock removed must be given. Other quantities may be estimated. | | | | | | | | |
| Seabrook Landing—Morgan River. | | | | | | | | |

### MORGAN RIVER.

Personally appeared before me, on this 7th day of November, 1885, Joseph W. Seabrook, who, on oath, says that the facts stated in the foregoing Return are true. THOMAS G. WHITE, Trial Justice. [L. S.]

I certify that the above return is true.
JOSEPH W. SEABROOK.

into any detailed consideration of the facts or law of the case, overruled all of the exceptions to the master's report, confirmed the same, and rendered judgment for the plaintiff, as recommended by the master.

From this judgment defendants appeal upon the following grounds: I. Because the Circuit Judge erred in overruling defendants' exceptions to the master's report and decision, and in sustaining said report and decision.    II. Because the complaint herein does not state facts sufficient to constitute a cause of action.    (a) It does not state any facts showing royalty to be due, or that any royalty was due from defendant Seabrook, but leaves it to be inferred.    (b) It does not state any fact showing breach of the condition of the bond made by defendants.    III. Because there was no evidence that a license had been issued to Joseph W. Seabrook to mine, as alleged in the complaint.    IV. Because there was no evidence that Joseph W. Seabrook mined or removed any rock from the navigable waters of the State under a license so to do.    V. Because there was no evidence that Joseph W. Seabrook owed any sum as royalty to the State. VI. Because the return of Joseph W. Seabrook put in evidence showed he had mined during the month of October only fifteen tons of rock, and there was no other evidence of any mining done.    VII. Because all the evidence in the case showed that Joseph W. Seabrook had only mined fifteen tons of rock after the giving of the bond sued on, and it was error to hold the sureties on said bond liable for more.    VIII. Because there is no evidence to support the judgment.

These exceptions will be considered in their order. The first exception, failing to conform to the requirements of Rule V., presents no point for the consideration of this court. *Covar* v. *Sallat*, 22 S. C., 270; *Connor* v. *Edwards*, 36 *Id.*, 568.    As far back as *Chapman* v. *Lipscomb*, 18 S. C., 230, the late Chief Justice Simpson took occasion to call the attention of the bar to the confusion likely to result from a failure to observe the requirements of Rule V., and to express the hope that the rule would not escape the attention of the profession in the preparation of appeals in the future, although in that case the rule could not be applied by reason of the fact that the ap-

peal there had been taken before the amendment to Rule V. had been adopted. We must, therefore, apply the rule here; and we do so with less reluctance for the reason that we think it very doubtful, whether the objections to the competency of certain parts of the testimony, which this exception seems designed to raise, could avail the defendants in this case.

In regard to the second exception, while there is some doubt in our minds, arising from the fact that it is stated in the "Case," that when the master overruled the demurrer, notice of appeal was given, and the reference was suspended, "to await the result of such appeal," which was afterwards *abandoned*, whether the question is now open for consideration; yet as defendants afterwards formally excepted to the master's ruling, which was sustained by the Circuit Judge, to which exception has been formally taken, we will not decline to consider the question whether the complaint fails to state facts sufficient to constitute a cause of action. Two defects are alleged: 1st. That no facts are stated showing any royalty to be due by Seabrook. 2d. That no fact is stated showing a breach of the condition of the bond. These two supposed defects, though stated separately, may be considered together. The action being based upon the bond, it was necessary to allege some breach of the condition of the bond. Now the condition of the bond was, not only that Seabrook should make a return to the comptroller general at the end of each month of the amount of rock dug, mined, and removed, and shipped or otherwise sent to market, but should also pay the royalty provided by law to be paid thereon at the end of each quarter to the state treasurer; and as the complaint alleges that Seabrook did dig, mine, and remove, and ship to market, during the month of October, 1885, the number of tons specified in his return to the comptroller general, and did not pay the royalty thereon, it seems to us clear that the facts alleged are sufficient to show a breach of the condition of the bond, and, therefore, sufficient to constitute a cause of action. This exception must, therefore, be overruled.

The third exception alleges that there was no evidence that a license has been issued to mine, as alleged in the complaint.

It seems to us that the recitals in the bond, signed by all of the defendants, are amply sufficient to dispose of this exception. The point raised by appellants' counsel, that these recitals show that the license was issued to Seabrook under an act which had been repealed three years before, cannot be sustained. After Seabrook had received the license and acted upon it, enjoying its benefits, it does not lie in the mouth of either Seabrook or his sureties to dispute the validity of the license. See *Stott* v. *Rutherford*, 92 U. S., 110, and especially the case of *Lawes* v. *Purser*, 6 Ell. & Bl., 932, cited by respondent's counsel.

The fourth and fifth exceptions may be considered together. In view of the return made to the comptroller general by Seabrook, which we would hold to be competent evidence against both Seabrook and his sureties, even if the question of its competency were properly before us, we do not see how either of these exceptions can be sustained. That return certainly tends to show that on the 10th of October, 1885, the amount of rock charged for was shipped by Seabrook to the Zell Guano Company of Baltimore, Maryland, giving the name of the vessel by which such shipment was made, together with the name of the captain of such vessel, as well as its destination. The fact that the column designed to show the amount of royalty due the State was left blank, is of no consequence, for the amount of the royalty is fixed by statute, and when the number of tons shipped is ascertained, the amount of royalty due thereon is a mere matter of calculation.

The sixth and seventh exceptions may be considered together. While it may be true that there is some confusion arising from the manner in which the figures are set down in the return, yet it must be remembered that the return was the work of Seabrook himself, and he can derive no advantage from a confusion caused by his own carelessness, provided there is enough in the return to show that he has shipped during the month of October the number of tons with which he has been charged, as found both by the master and the Circuit Judge, which finding we cannot say is erroneous. As we understand it, the royalty is charged only on the amount of phosphate rock

shipped to market, without reference to the amount left on hand at the end of the month during which such shipment was made. Hence, while there may be an error in the figures as set down in the first column of the return, as we think it probable there is, that cannot affect the figures set down in the second and third columns, showing that on the 10th of October the number of tons charged for was shipped to market The eighth exception is too general to require any consideration.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.