### BANK OF TIMMONSVILLE v. FIDELITY & CASUALTY CO. OF NEW YORK.

(Circuit Court, D. South Carolina. January 23, 1903.)

1. COMPLAINT—SETTING OUT INSTRUMENTS—SOUTH CAROLINA PRACTICE.

A plaintiff is not required, either by the Code of Procedure of South Carolina, or the practice of the federal courts, to set out in hæc verba a written instrument sued on in the complaint, but it is sufficient if he states its legal effect; nor is it essential, under the rules of the circuit court in that state, to attach a copy of such instrument as an exhibit.

2. SAME—PARTICULARITY OF ALLEGATIONS.

Under the Code of Procedure of South Carolina, which requires a complaint to contain a plain and concise statement of the facts constituting the cause of action, a complaint on a bond of fidelity insurance which alleges the giving of the bond by defendant, insuring plaintiff against loss through the fraud or dishonesty of an employé, and stating its terms in legal effect, is sufficiently definite and certain as to the losses sued for where it alleges that, within the time fixed by the contract, plaintiff discovered losses sustained by reason of the fraud and dishonesty of the employé during the term covered by the bond; that a statement and proof of such losses were immediately furnished to defendant, and the agents of both parties examined and adjusted the amount of such losses, and tabulated the same, after a full investigation; and that a copy of such adjustment was furnished to defendant. Plaintiff cannot be required in such case to set out the several items of loss, and the evidence in support of the same.

At Law. On rule to show cause why the complaint should not be made more definite and certain.

Willcox & Willcox and Mitchell & Smith, for plaintiff.
Geo. H. Moffett and J. P. K. Bryan, for defendant.

SIMONTON, Circuit Judge. This case comes up on a rule to show cause why the complaint should not be made definite and certain in the particulars mentioned. The Code of Procedure of South Carolina does not prescribe the mode in which the object now sought can be attained. Code, § 181. The usual course is to do this by motion. Nichols v. Briggs, 18 S. C. 473. But the course now taken is just as effective. The action is brought by the plaintiff, the Bank of Timmonsville, against the Fidelity & Casualty Company of New York, upon a bond or policy of insurance issued by the defendant to plaintiff, whereby the defendant agreed, on certain conditions, to make good and reimburse any loss plaintiff might sustain by reason of the fraud or dishonesty of one Lechner, its cashier, committed during the term of the policy.

The particulars in which it is sought to make this complaint more definite and certain are:

(1) By setting forth in full the policy of insurance or bond mentioned in paragraphs 3, 5, 6, 8, and 10, of the complaint. Under the rules of Code pleading, it is not necessary to set out in hæc verba written instruments sued on. They may be set out according to their legal effect. 6 Cyc. Pl. & Prac. 263, and cases cited 4 Cyc. Pl. & Prac. 916, 3 Cyc. Pl. & Prac. 645. This, also, is the rule of pleading in the federal court. In Sheehy v. Mandeville, 7 Cranch, 217, 3 L. Ed. 320, Marshall, C. J., says:

"It is not necessary to recite the contract in hæc verba, but, if it be recited, the recital must be strictly accurate. If the instrument be declared on according to its legal effect, that effect must be truly stated. If there be a failure in the one respect or the other, an exception for the variance may be taken, and the plaintiff cannot give the instrument in evidence."

So 1 Chitty, Pl. 430:

"It is a principle of pleading that a party relying on a deed, etc., either as the foundation of a cause of action, or as a ground of defense or answer to the pleading of his opponent, shall make profert of the instrument; that is, produce it nominally in court. But in alleging the deed the plaintiff need not, in his pleading, show more of it than answers his own purpose, and even that part which he states may be set forth according to its legal purport or in substance."

If in such a case the opposite party wants the deed to be actually produced, he must pray oyer. Chitty, Pl. p. 429.

This complaint sets out the contract thus:

"That on the 18th day of March, 1891, the defendant, then engaged, among other things, in the business of fidelity and casualty insurance, in consideration of a premium of thirty-seven and 50/100 dollars paid to it by the plaintiff, then and now engaged in the banking business, made the plaintiff its policy of insurance, whereby it agreed that during a term beginning on the 17th day of March, 1891, and ending on the 17th day of March, 1892, and during any subsequent renewal thereof, it would, at the expiration of the three months next, after satisfactory proof to the said company of any loss, make good and reimburse to the employer, to the extent of the sum of five thousand dollars, such loss, if any, as the employer should sustain by reason of the fraud or dishonesty of the employed, F. C. Lechner, in connection with his duties as cashier of said bank, or the duties to which the employer might thereafter

assign or appoint him, provided such fraud or dishonesty should be committed during the continuance of said term, or any renewal thereof, and discovered during said continuance, or within six months thereafter, and within six months after the death, dismissal, or retirement of the employed."

This is sufficient.

Nor is it essential to good pleading that a copy of the instrument sued on be attached as an exhibit to the complaint. Rule 11 of the court says:

"It shall not be necessary for a party to set forth in a pleading, the items of an account therein alleged, but he shall deliver to the adverse party within ten days after demand therefor in writing, a copy of the account and every bond, deed or other writing sued on, which, if the pleading be verified must be verified by his own oath or that of his agent or attorney, to the effect that he believes it to be true or be precluded from giving evidence thereof."

The second particular in which it is sought to make the complaint more definite and certain is this:

(2) By setting forth particularly and in full the various acts of fraud and dishonesty on the part of F. C. Lechner, cashier, alleged in the sixth paragraph of the complaint, with the date and amount of each particular act of fraud and dishonesty. The allegations objected to are in paragraph 6 of the complaint, which is in these words:

"That on the 18th day of August, 1901, F. C. Lechner left plaintiff's employment, and immediately thereafter plaintiff discovered that, while said bond was in force, it has sustained loss by reason of various acts of fraud and dishonesty on the part of F. C. Lechner, cashier, and immediately gave notice of such loss to the defendant, the insurer under the bond or policy of insurance."

It must be read in connection with paragraph 7, as follows:

"That immediately on the discovery thereof, plaintiff gave the defendant proof of its loss by reason of the fraud and dishonesty of its cashier, and the loss was thereupon examined and adjudged by the agents of both plaintiff and defendant at the sum of ten thousand thirty-five and $69/100$ dollars; such adjustment having been arrived at and tabulated after full investigation and acceptance by agents of both the plaintiff and defendant, and forwarded to the home office of the defendant on January 8, 1902."

A complaint must contain a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition. Code, § 163. It states facts, not the evidence by which such facts are proved. Pomeroy, Rem. & Rem. Rights, § 517. As has been seen in our rule 11, in an action on an open account the amount due is stated; an itemized statement is not needed, and will not be furnished unless demand is made in a certain way therefor. Now, the cause of action in this complaint is this: Plaintiff alleges that defendant has agreed to make good and reimburse the plaintiff, to the extent of $5,000, such loss as it should sustain by reason of the fraud or dishonesty of its cashier, upon certain conditions stated; that plaintiff has sustained loss by reason of various acts of fraud and dishonesty on the part of its cashier; that, immediately on the discovery thereof, plaintiff furnished defendant with proof of its loss by reason of such fraud and dishonesty (no other loss,—loss only by reason of fraud and dishonesty); and that the loss was then examined and adjudged by the agents of both parties. Here is a distinct allegation of what plaintiff claims, and of the fact that the items of this claim have been placed in the hands of

defendant, and have been examined by it. What more can defendant need, to learn the case of plaintiff? His motion now, in effect, requires the plaintiff not only to state its account, but to furnish it with all the evidence sustaining each item of the account; to set out the various acts of fraud and dishonesty, with the date and amount of each particular loss claimed on account of each particular act of fraud or dishonesty. The pleading would be filled with evidentiary matter, and would be swelled into a volume. In Bender v. Fromberger, 4 Dall. 436, 1 L. Ed. 898, it is held that in an action of covenant it is sufficient to assign the breach in terms as general as those in which the covenant is expressed. A similar rule was followed in South Carolina v. Seabrook, 42 S. C. 74, 20 S. E. 58. If the allegations of the complaint are true,—and, for the purposes of this motion, we must deal with them as statements which plaintiff believes to be true,—the defendant has been furnished with a full statement of all it now seeks, and by its agent examined and adjudged the same.

At the hearing the attention of the court was called to the allegation of the eighth paragraph, "The plaintiff has complied on its part with all the conditions of said bond or policy of insurance;" and it is charged that this is too vague and general, and clearly insufficient. Section 183 of the Code of Procedure of South Carolina says:

"In pleading the performance of conditions precedent in a contract, it shall not be necessary to state the facts showing such performance; but it may be stated generally that the party duly performed all the conditions on his part, and if such allegation be controverted, the party pleading shall be bound to establish on the trial the facts showing such performance."

The rule is discharged.