## Milliken *versus* Dravo.

Proof of a parol contract for the sale of land, delivery of possession pursuant thereto, part payment of the purchase-money and valuable improvements, are the full measure of what is required to take a case out of the Statute of Frauds.

November 23d 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county:* No. 7, to October and November Term 1870.

On the 17th of April 1869, Michael Dravo brought an action of ejectment for a lot of ground in the borough of McKeesport.

On the trial, October 19th 1870, before Kirkpatrick, J., the plaintiff proved his title and rested.

The defendant proved the execution of the following paper:—

" January 29th 1859, M. Dravo & Sons agree to sell house and lot in McKeesport, and located on the Diamond now occupied by Dr. Penny, to Samuel Milliken, for the sum of $1800, in the following sums and times, which he agrees faithfully to fulfil: $500 1st April 1859; $500 1st April 1860; $800 in lumber as it may suit.

" M. DRAVO & SONS.
" SAMUEL MILLIKEN."

He then made the following offers of evidence:—

" The defendant offers to prove that the plaintiff in this case sold the house and lot in controversy by a parol sale, on the 29th day of January 1859, and offers the paper of that date to show the terms in part, to the defendant; that it was a part of said parol agreement that the defendant should have the possession of the property on the 1st day of April, A. D. 1859, when the first payment should be made; that on the 1st of April 1859, as agreed, the defendant paid to John F. Dravo, the plaintiff's son, who was his partner in business and agent of the plaintiff, the sum of five hundred dollars, as per agreement, and that defendant, in pursuance of said contract, was delivered possession of said house and lot by said plaintiff, or his agent for that purpose,

[Milliken *v.* Dravo.]

John F. Dravo, on said 1st day of April 1859, and said defendant did then and there take possession of the same by metes and bounds, and he has been in full and peaceable possession from that time to this date ; that after defendant had gone into possession under said contract he paid to said plaintiff the further sum of $364.80 on the 16th day of May 1859, in lumber, as a part of said lumber specified in said agreement.   Defendant offers to prove the admissions of the plaintiff that he received the said money and lumber, knowing the same to be a part of the purchase-money of said house and lot; that from and after the 1st day of April, A. D. 1859, the said house and lot were duly assessed to the defendant as his property, and he paid the taxes on the same to the present time, and he has made valuable improvements on the property, and all this done with full knowledge of the plaintiff; that the plaintiff and his son, John F. Dravo, were partners, carrying on the coal business within a mile of said house and lot, at and before and several years after said parol sale; that after said sale, and some three or four years after defendant went into possession, the plaintiff in this case, on application of the defendant, agreed for a valuable consideration to extend the time of payment of the balance of the purchase-money under said contract for one year from that date, and that within that time, and before said year expired, the said defendant did tender to the said plaintiff the full amount of the balance of the said purchase-money under said contract, and interest, which the plaintiff refused because, as he said, the property had increased in value, and he ought to have more money; that at the time of the parol purchase the plaintiff was in possession of said property by his tenant, Mr. Penny; that plaintiff notified Mr. Penny to vacate on the 1st of April 1859, in order to give possession to the defendant, in pursuance of said parol contract; that all of the facts before stated were well and fully known to said plaintiff."

The defendant, in connection with his other offers, further offered to prove "in connection with the fact that the plaintiff has testified in this case that he was in possession of said premises by his tenant, Mr. Penny, at the time of the sale in this case, that Mr. Penny went out of possession on the 1st day of April 1859, and that defendant went into possession under his contract of purchase from plaintiff's agent, John F. Dravo, and that his agent did, within a month or less after the date, pay over to him the said money paid on account of purchase-money; that plaintiff authorized his son, John F. Dravo, by parol to make the said sale, and that after said sale was agreed upon, as stated in the other offers, the plaintiff, or his agent for that purpose, put the defendant in possession, in pursuance of said agreement, and plaintiff received all the purchase-money paid, to wit, $860.

"That plaintiff has admitted when fully advised of all the facts

[Milliken *v.* Dravo.]

and all the terms of the sale, that he had fully authorized and consented to all the terms of the sale made by his said agent, and that he did not now claim to recover in this action on the ground that he did not agree to the original sale as negotiated by his son, but claimed to recover on the ground that three or four years ago, after said sale, the defendant agreed by parol to give up his rights under said sale and become his tenant, and that the payments made were to be applied as rent. That the defendant, while in possession, made valuable improvements, and that the plaintiff admitted at least four years ago that he knew the defendant had been making from time to time since he went into possession, valuable improvements on the property."

The defendant further offered in evidence " a paper dated January 1st 1869, signed M. Dravo & Sons, being a notice to defendant's tenants to quit possession, to be followed with evidence that this plaintiff commenced a judicial proceeding before A. S. Nicholson, Esq., an alderman of this city, to dispossess the said defendant of the property in dispute, and that this notice he made the ground of that proceeding. Defendant will also offer the evidence of said Alderman Nicholson that said proceeding was commenced by the plaintiff on the affidavit of plaintiff; also, the papers and all the proceedings in that case before said alderman.

" The object of the offer is to show that this plaintiff acted in regard to the ownership of this property under the name of M. Dravo & Sons, and in explanation of the signature to the original contract of sale, and it is an admission on the part of plaintiff as to the manner the property was held by the firm of M. Dravo & Sons, as to its being partnership property."

· These offers were all rejected and several bills of exception sealed; and the court directed the jury to find for the plaintiff.

The verdict was for the plaintiff.

The defendant took a writ of error, and assigned for error the rejection of his offers of evidence and the instruction of the court to the jury.

*M. W. Acheson* (with whom were *Howard & Shafer*), for plaintiff in error.—Equity will sustain a parol contract for the sale of land so far in part executed as to render its rescission unjust: Bassler *v.* Niesley, 2 S. & R. 352; Reed *v.* Reed, 2 Jones 117; Lauer *v.* Lee, 6 Wright 165; Richards *v.* Elwell, 12 Id. 361; McGibbeny *v.* Burmaster, 3 P. F. Smith 332. Land bought with partnership funds in furtherance of its business is partnership property, although the deed is in the name of one of the firm: Erwin's Appeal, 3 Wright 535.

*C. C. Taylor* and *R. Woods*, for the defendant in error, cited Rankin *v.* Simpson, 7 Harris 474. The ratification of a parol

[Milliken *v.* Dravo.]

sale must be in writing: McDowell *v.* Simpson, 3 Watts 129; Magaw *v.* Cannon, Id. 139; Postlethwait *v.* Frease, 7 Casey 472; Poorman *v.* Kilgore, 2 Id. 371; Brawdy *v.* Brawdy, 7 Barr 159; Moore *v.* Small, 7 Harris 467; Greenlee *v.* Greenlee, 10 Id. 225.

The opinion of the court was delivered, January 3d 1871, by

THOMPSON, C. J.—If the writing found on the paper-book of plaintiff in error was insufficient to take the case out of the Statute of Frauds and Perjuries, there was abundant in the testimony offered and rejected by the court, to have done so, viz. : a contract of sale by parol was offered to be proved, delivery of possession pursuant thereto, part payment of the purchase-money, and valuable improvements made. This was all offered, and was the full measure of all that ever was required by any case to take the sale out of the operation of the Statute of Frauds. Nay more, the balance of the purchase-money was tendered and refused before suit brought. If this was not sufficient to take the case out of the statute, all our decisions on the subject are in error, and no case will ever arise in which any sale will be good without writing; yet we have, in very many instances, held sales by parol, partly executed, good. The cases in which this has been held are too numerous to be cited here. The cases of Richards *v.* Ellwell, 12 Wright 361; McGibbeney *v.* Burmaster, 3 P. F. Smith 332; and Lauer *v.* Lee, 6 Wright 171, among the many in our reports, are sufficiently instructive of what is necessary to avoid the influence of the Statute of Frauds; but if others be required, there is a bead-roll of them cited in these cases. That there was error in the rejection of each and every of the offers made below, and in the direction to the jury to find for the plaintiff, we have not a shadow of doubt, and therefore

The judgment is reversed, and a *venire de novo* is awarded.