## George Ballas *v.* Joseph Wolff, Appellant.

*Parol sale of land—Breach of contract—Equitable title.*

A purchaser under a parol agreement for sale of land paid part of the price, entered upon the premises with vendor's consent and made improvements ; the vendor neglected and refused to give either an agreement of sale or a deed.    Vendee's equitable interest was sold by the sheriff on a claim against vendee.    *Held*, that he had no right to recover for losses by fire to the building erected upon the land nor for money paid to an absconding builder, nor for the money paid on account of purchase money, none of these losses being chargeable to defendant's refusal to give either a deed or article of agreement.

Argued April 25, 1899.    Appeal, No. 111, April T., 1899, by defendant, from judgment of C. P. No. 1, Allegheny Co.,

Sept. T., 1897, No. 122, on verdict for plaintiff.    Before
RICE, P. J., ORLADY, SMITH, W. W. PORTER, W. D. PORTER
and BEEBER, JJ.    Reversed.    Opinion by BEEBER, J.

Assumpsit.    Before STOWE, P. J.

The facts sufficiently appear in the opinion of the court.

Defendant submitted the following points:

[1. That there can be no recovery in this case against defend-
ant for any loss the plaintiff may have suffered by reason of the
first house which was burned, as the undisputed testimony is
that no tender of the purchase money was made until after said
fire.    *Answer:* Refused.    If, as claimed by plaintiff, the agree-
ment was that he was to have three or four years to pay the
balance of purchase money no tender of balance was neces-
sary.] [1]

[2. Even if the jury believe that the plaintiff made a legal
tender of the purchase money to defendant, their verdict should
be for the contract price, less the amount realized from the sher-
iff's sale of defendant's property, to wit: $1,150, as the records
show said money was applied to the payment of liens for the
erection of said second building.    *Answer:* Refused.] [2]

[3. Under all the evidence in the case the verdict must be
for the defendant.    *Answer:* Refused.] [4]

The court charged the jury in part as follows:

[Well, he was not bound to make an ordinary deed of con-
veyance in fee, with covenants of warranty, but he was bound
to give the plaintiff a deed, or what we ordinarily call an article
of agreement, or a deed which would secure him in his equita-
ble interest, amounting to the right to have this property upon
paying the purchase money.    That is what the plaintiff was
entitled to have, and it was what the defendant was bound to
give him, and if he refused to give him that memorandum, or
held out the inducement for him to build that he would make
it all right and would eventually make a deed to him or a writ-
ing of some such description as would secure his title and pro-
tect him in the improvements he was making, the party going
on in good faith and making improvements has a right to re-
cover compensation for the expenses he has been put to by rea-
son of the party inducing him to go on and spend his money

and then subsequently the vendor neglecting or refusing to give him the legal assurance that would protect him in his equitable interest.] [3]

Verdict and judgment for plaintiff for $775.    Defendant appealed.

*Errors assigned* were (1, 2, 4) refusal of defendant's first, second and third points, reciting points and answers.    (3) To portion of the judge's charge, reciting same.

*L. K. Porter*, with him *S. G. Porter*, for appellant.—Proof of a parol contract for the sale of land, delivery of possession, part payment of the purchase money and valuable improvements, take a case out of the statute of frauds : Milliken v. Dravo, 67 Pa. 230.

If the plaintiff had an equitable title capable of enforcement, the sale of his right, title and interest under a judgment upon a mechanic's lien would vest the title of the plaintiff in the purchaser, subject to the payment of the balance of the purchase money : Gibbons v. Gaffney, 154 Pa. 48.

The fact is that the loss, if any, was occasioned by the plaintiff's own negligence in not paying the mechanics' liens and permitting the house to be sold by the sheriff.    If he had been able to pay the liens doubtless this suit would never have been brought, and we submit under all the evidence the court should have affirmed the defendant's three points, and this case should be reversed.

*A. Blakeley*, for appellee.—The defendant took the chances of trial and is now estopped from objecting even if there had been a variance.    His motion for a compulsory nonsuit should have raised the question of variance, but it did not.

Erie City Iron Works v. Barber, 118 Pa. 6, Chapin v. Cambria & Iron Works, 145 Pa. 478, Kroegher v. McConway & Torley Co., 149 Pa. 444, and Fisher v. The Fidelity Mutual Life Association, 188 Pa. 1, decide that in case of variance between statement and proof the defendant must demur, except to the evidence or plead surprise, but if he takes the chance of trial and verdict he is estopped from raising the question after verdict against him.

In what way did the plaintiff prevent the defendant from carrying out his contract? The evidence in the case fails to show it.

OPINION BY BEEBER, J., July 28, 1899:

The plaintiff's statement of his cause of action set forth that on September 12, 1895, by a parol agreement he purchased from the defendant a certain lot, that the agreement was that the plaintiff was to pay $625 for the lot, $25.00 in hand and $600 inside of three years from the date of sale, that he paid the defendant $25.00 on said date, for which he took a receipt, and in the month of March, 1896, tendered to the defendant $600, and demanded a deed for the said lot, to which the defendant replied that he would not accept the money, and would not make a deed for the said lot, that defendant had utterly failed to make a deed therefor, that on the faith of the said contract the plaintiff, with the knowledge and consent of the defendant, went into possession of the lot, improved and built upon it at a cost of $1,360 all of which was expended before he made the tender of the $600. He then set forth that he had lost the $25.00 paid at the time the purchase was made, and also lost the $1,360 spent in the buildings and improvements for the recovery of which amount he brought his suit. The defendant's affidavit of defense, admitting the purchase on the date named and the payment of the $25.00, denied that the purchase price was $625, but averred that it was $950, denied that the plaintiff either in the month of March, or at any other time, ever tendered to him the sum of $600, and demanded the deed for the lot, or ever tendered any other sum whatever. The defendant further said in his affidavit that in July, 1896, a mechanic's lien was filed against this lot and the buildings erected upon it, and that proceedings were had upon this lien which resulted in the sale of the premises on December 11, 1896, to a purchaser, who immediately demanded a deed from the defendant, conveying all the right, title and interest of the plaintiff. On the trial of the case the plaintiff gave evidence, which, if believed, would sustain the facts set forth in his statement. It is true the defendant likewise gave evidence which contradicted the plaintiff's evidence, both as to the price for the lot, and as to whether there had ever been any tender of the balance of the

purchase money and a demand for the deed. The evidence further revealed the fact that the plaintiff built a house upon the lot shortly after he purchased it, which was burned down in January, 1896, that he had it insured and collected the insurance money, that he made his contract to build the second house sometime in the month of May, 1896, that during the erection of the second house he paid the sum of $500 to his contractor, who absconded with the money, and that he lost the property by virtue of the sheriff's sale upon proceedings upon the mechanic's lien as set forth in the affidavit of defense. By the pleadings it is evident that the issue between the parties, so far as it depended upon parol testimony, was whether the price of the lot was $625 or $950, and whether a tender of the true balance due had ever been made and deed demanded and refused. The learned judge charged the jury that it was immaterial what was the agreed price of the lot, that the defendant was not bound to make a deed or conveyance in fee but he was bound to give to plaintiff an article of agreement which would secure him in his equitable interests, that if they believed that the defendant had told the plaintiff to go on with his building, that he would make it all right, and that it was not necessary for the plaintiff to have a deed, and in that way induced the plaintiff to put up the buildings, the plaintiff had a right to recover whatever the buildings cost him, less what money he got back. He also told them that they could allow the plaintiff the $500, which he had paid to the absconding contractor, and also the $25.00, which he had paid on account of the purchase price of the lot. According to the charge the three items of claim were, first, the difference between the cost of the first house and the insurance money, $250, second, the amount paid to the absconding contractor, $500, third, the amount paid as earnest money, $25.00, and it was for the sum of these three amounts, with interest from June 28, 1897, that the jury returned a verdict.

The case was properly treated in the court below as an action for damages for breach of a parol contract for the sale of real estate. Whilst at one time the decisions were conflicting as to the true measure of damages in such cases it can now be said to be firmly established, when the action is brought by the vendee against the vendor, that the measure of damages is the

amount of purchase money paid on account, and the cost and expenses incurred upon the faith of the bargain. In the absence of fraud there can be no recovery for the loss of the bargain: Bender v. Fromberger, 4 Dall. 436; Hertzog v. Hertzog, 34 Pa. 418. There is no evidence of any fraud on the part of the vendor in refusing to deliver the deed, and it was this refusal only which the plaintiff alleged as the breach of the contract. It does not appear that the defendant was ever asked for an article of agreement and of course it does not appear that he ever refused one. According to the plaintiff's testimony, which is what was received as true by the jury, the reason why the deed was not made when asked was because there was a judgment against the defendant which bound this lot as well as others, and the refusal of the defendant was because this judgment was still a lien. In all the cases where the vendee recovers from the vendor damages for the breach of a parol contract for the sale of real estate it appears that the vendee lost the property either by being ousted by the vendor or by a paramount title owned by some one else. In those cases where the vendor ousted the vendee it is clear that the vendor should not be allowed to retain the property and the purchase money in addition. In those cases where the vendee is ousted by a paramount title it is equally clear that the vendor should not be allowed to retain the purchase money because the consideration for it has failed. In this case, however, neither the failure to deliver the deed, which was the thing complained of by the plaintiff in his statement, nor the failure to deliver the article of agreement which the court told the jury plaintiff was entitled to have, although there was no evidence that it was a part of the contract of purchase that he was to have a formal article and no evidence that one had been demanded, was not the cause of the damage to the plaintiff. The plaintiff has not been ousted by the defendant, nor by any one else with a paramount title, nor did his first house burn down because an article of agreement had not been given him. He lost his property because it was sold for the payment of his own debts. We cannot see why the failure of the defendant to give a deed or an article of agreement should entitle the plaintiff to damages from the defendant when the failure to give the deed or the article of agreement had nothing whatever to do with the loss of the property, or the burning of the first house.

There is, however, an insurmountable obstacle which prevents the plaintiff from recovering in this case. The equitable interest which he had in the lot was lost to him because of the sheriff's sale, which conveyed it to the purchaser. It is clear under the facts of this case that the plaintiff, prior to the sheriff's sale, had a right to compel a conveyance, for he had taken possession of the lot, made part payment of the purchase money, and made valuable improvements upon it: Milliken v. Dravo, 67 Pa. 230; or he had the right to sue the defendant and recover the purchase money paid on account. These two rights passed to the purchaser at the sheriff's sale the same as they would have passed had the sale been a voluntary one. That purchaser now stands in the shoes of the plaintiff. It is now within the power of that purchaser to do whatever the plaintiff could have done prior to the sale to secure the interest which the plaintiff had in the property: Purviance v. Lemmon, 16 S. & R. 292; Bradley v. O'Donnell, 32 Pa. 279; Gibbons v. Gaffney, 154 Pa. 48. This being the case the instruction of the court below to the effect that the plaintiff could recover the difference between the cost of the house and the insurance money, the sum paid to the absconding contractor and the $25.00 paid on account of the purchase money, was clearly wrong. The cases last cited show that the purchase money paid on account belongs to the purchaser at sheriff's sale. The $500 which was paid to the absconding contractor must be considered as having gone into the building erected upon the lot, for he was paid on that account, and the fact that it was stolen was in no way caused by the act of the defendant. Nor was the difference between the cost of the first house and the insurance money received after it was burned a loss that was occasioned by any act of the defendant. The loss to the plaintiff in this respect would have been the same whether he had a deed or simply an article of agreement given to him at the time the earnest money was paid on account of the purchase. It is clear that the refusal therefore to give either a deed or an article of agreement had nothing whatever to do with the loss which the plaintiff suffered by reason of the fire.

The fourth assignment of error, which is the refusal of the court to give binding instructions for the defendant, is sustained.

Judgment reversed, and judgment is entered in favor of the defendant with costs : Ellis v. Ins. Co., 9 Pa. Superior Ct. 392.